William D. BROWN, Plaintiff–
Appellant,

v.

SPRINT UNITED MANAGEMENT,
Defendant–Appellee.

No. 03–16165.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 16, 2005.

Decided March 7, 2005.

Thomas M. Davis, Esq., Kevin C. Clark, Esq., Haney, Woloson & Mullins, Las Vegas, NV, for Plaintiff–Appellant.

Barry D. Halpern, Robert M. Kort, Esq., Snell & Wilmer, LLP, Phoenix, AZ, for Defendant–Appellee.

Before THOMAS, PAEZ, Circuit Judges, and BURNS,* District Judge.

MEMORANDUM**

William D. Brown ("Brown") appeals the district court's summary adjudication of his wrongful termination claim, his breach of contract claim involving incentive compensation that he allegedly earned prior to his termination, and the exclusion of evidence at trial of Sprint United Management's ("Sprint") purported motivation for terminating his employment. The facts

---

* The Honorable Larry Alan Burns, District Judge for the Southern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

underlying this action are known to the parties and need not be recited. We affirm.

■ The district court did not err in summarily adjudicating Brown's wrongful discharge claim. It is undisputed Brown was an at-will employee. Under Nevada law, an at-will employee has no cognizable "bad faith" discharge claim, and Brown did not carry his burden to show his discharge violated Nevada public policy. *See Allum v. Valley Bank of Nevada,* 114 Nev. 1313, 970 P.2d 1062 (1998); *D'Angelo v. Gardner,* 107 Nev. 704, 819 P.2d 206 (1991). To the extent Brown argues that Sprint's Compensation Plan itself violates Nevada public policy, he did not put the Plan terms at issue in the district court, and he may not raise the argument for the first time on appeal. *See Abogados v. AT&T, Inc.,* 223 F.3d 932, 937 (9th Cir.2000).

The district court did not err by declining to award Brown additional incentive compensation. Brown did not meet the eligibility requirements under the Compensation Plan for any period beyond that for which he was fully paid. He had no entitlement under the Plan to payments for unsecured accounts which remained prospective at the time Sprint terminated his employment.

■ Finally, the district court did not err in excluding evidence at trial of Sprint's purported motivation for terminating Brown's employment. The district court correctly ruled that evidence was relevant only to the wrongful discharge claim, which had been summarily adjudicated in Sprint's favor before trial.

**AFFIRMED.**